190 So. 106

## LAWLEY v. STATE.

### 7 Div. 467.

Court of Appeals of Alabama.

June 20, 1939.

E. L. Roberts, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment charging this appellant with the offense of robbery, he was tried and convicted of assault with intent to rob, under the provisions of Section 8697, Code 1923, which reads: "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

■ The jury returned the following verdict: "We the jury find the defendant guilty of assault with intent to rob as charged in the indictment, and fix his punishment at two years imprisonment in the State penitentiary."

The concluding sentence of the foregoing verdict, towit: "And fix his punishment at imprisonment at two years imprisonment in the State penitentiary," was erroneous, and instead of sentencing the prisoner "in accordance with the verdict of the jury," as appears of record, the trial court should have either had the jury to retire and correct its verdict, or should have treated the quoted excerpt of the verdict as surplusage,

and proceeded to fix the punishment and sentence of the defendant as is provided in Section 5268 of the Code 1923. Said Section is as follows: "In all cases in which the punishment fixed by the statute is imprisonment in the penitentiary, and in which a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, stating in such sentence the minimum and maximum limits thereof."

The foregoing action of the court, however, is confined solely to that part of the judgment wherein the defendant was sentenced. It in no manner affected the judgment as to the guilt of the accused, as to which no question is raised upon this appeal. The said judgment of conviction is affirmed, and the cause is remanded to the lower court for proper sentence as hereinabove indicated.

Affirmed. Remanded for proper sentence.